**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Petitioner, | ) | No. CIV 06-2055 PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Lance C. Standifird, | ) | |
| | ) | |
| Respondent. | ) | |

Currently before the Court is Respondent's notice of appeal (doc. # 24). Respondent seeks to appeal this Court's August 28, 2006 order (doc. # 23) denying his request for court appointed counsel. Id. The Court construes this notice as a motion for leave to appeal an interlocutory order.

Respondent bases his request for interlocutory appeal on the collateral order doctrine. See Notice (doc. # 24). Under the collateral order doctrine, "[o]rders that do not dispose of the entire litigation are appealable as collateral orders if they [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action,

1 and [3] [are] effectively unreviewable on appeal from a final
2 judgment." SEC v. Capital Consultants LLC, 453 F.3d 1166, 1171
3 (9th Cir. 2006) (internal quotations and citations omitted).  These
4 requirements are to be applied strictly, as only a "narrow class of
5 decisions" satisfies them.  Id. (citing Digital Equip. Corp. v.
6 Desktop Direct, Inc., 511 U.S. 863, 867-68 (1994)).

7     This is an IRS summons enforcement action.  Mot. (doc. # 1).
8 On August 28, 2006, the Court held a hearing on the Government's
9 motion (doc. # 16) for order to show cause why Respondent should
10 not be held in contempt for failure to comply with the Court's
11 January 23, 2006 order (doc. # 13) granting the Government's
12 petition to enforce the IRS summons.  Minute Entry (doc. # 23).  At
13 that hearing, Respondent orally moved for court appointed counsel.
14 Id.  The Court denied that request at that time on the basis that
15 Respondent had not made any showing of indigent status that would
16 warrant such appointment.  The Court also expressed its reservation
17 as to whether he was entitled to appointed counsel in the context
18 of civil contempt proceedings related to the enforcement of an IRS
19 summons.[1]  Id. (Tr. at 2:14:32 - 2:17:33 p.m.).

---

[1] In the instant case, the Government's motion seeking adjudication of Respondent in contempt for his refusal to comply with an IRS tax inquiry is in the nature of civil contempt.  The Supreme Court has held that "[w]hile particular acts do not always readily lend themselves to classification as civil or criminal contempts, a contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public."  McCrone v. United States, 307, U.S. 61, 64 (1939).  Thus, a motion invoking judicial assistance to obtain testimony in a tax inquiry is in the nature of civil contempt, because the "[a]uthority of the court [is] sought to buttress the procedure for collection of taxes and not in 'vindication of the public justice,' as in criminal cases."  Id. at 64-65.

1      Inasmuch as the Court's denial of Respondent's request for
2 counsel was based on Respondent's failure at that time to provide
3 any documentation from which the Court could determine his ability
4 to provide for his own counsel, the August 28, 2006 order is not a
5 final decision conclusively determining the disputed question.  See
6 Capital Consultants LLC, 453 F.3d at 1171.  As such, the order is
7 not amenable to interlocutory appeal under the collateral order
8 doctrine.  See id. ("Strict application of the requirements is
9 particularly important because, when a court identifies an order as
10 an appealable, collateral one, it determines the appealability of
11 all such orders.").

12      **IT IS THEREFORE ORDERED** that Respondent's notice of appeal
13 (doc. # 24) is construed as a motion for leave to appeal an
14 interlocutory order, and so construed is DENIED.

15      DATED this 21st day of September, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and Respondent pro se