WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,      )
                               )
                Petitioner,    )      No. CIV 06-2055 PHX RCB
                               )
        vs.                    )           O R D E R
                               )
Lance C. Standifird,           )
                               )
                Respondent.    )
_____)

        This matter arises out of an IRS summons enforcement action
against Respondent Lance C. Standifird.  Mot. (doc. # 1).  On
October 23, 2006, the Court held a hearing on the Government's
motion (doc. # 16) for order to show cause why Respondent should
not be held in contempt for failure to comply with the Court's
January 23, 2006 order (doc. # 13) granting the Government's
petition to enforce the IRS summons.  Minute Entry (doc. # 23).  At
the hearing, the Court denied Respondent's written motion to stay
the proceedings (doc. # 27), and found Respondent in civil contempt
for failure to produce the documents and testimony sought by the
IRS summons issued on February 15, 2005.  Id.  Currently before the
Court are Respondent's notice of appeal (doc. # 30) and motion for

1 reconsideration of the Court's order denying his motion to stay

2 (doc. # 33).  Having carefully considered the arguments raised, the

3 Court now rules.

4 **I.    BACKGROUND**

5     On November 4, 2005, the Government filed a petition to

6 enforce an IRS summons issued to Respondent on February 15, 2005.

7 Mot. (doc. # 1).  After granting Respondent an extension of time

8 within which to respond to the Government's petition, <u>see</u> Order

9 (doc. # 9), the Court held a hearing on January 23, 2006 at which

10 it denied Respondent's motion to dismiss for lack of subject matter

11 jurisdiction (doc. # 10) and granted the Government's petition to

12 enforce the IRS summons (doc. # 1).  Minute Entry (doc. # 13); <u>see</u>

13 <u>also</u> Order (doc. # 15).  No appeal was taken from that final order.

14     On March 9, 2006, Respondent appeared before the IRS, but

15 refused to produce the documents or testimony sought by the

16 summons, asserting claims of Fifth Amendment privilege.  <u>See</u> Mot.

17 (doc. # 16), Ex. 1 at 8-90.

18     Thereafter, on August 28, 2006, the Court held a hearing on

19 the Government's motion (doc. # 16) for order to show cause why

20 Respondent should not be held in contempt for failure to comply

21 with the Court's January 23, 2006 order (doc. # 13) granting the

22 Government's petition to enforce the IRS summons.  Minute Entry

23 (doc. # 23).  At that hearing, Respondent orally moved for court-

24 appointed counsel.  <u>Id.</u>  The Court denied that request at that time

25 on the basis that Respondent had not made any showing of his

26 financial eligibility for court-appointed counsel.  Tr. of Aug. 28,

27

28

1  2006 Hearing (doc. # 23) at 2:14:32 - 2:17:33 p.m..[1]  Nevertheless,

2  in light of Respondent's claim that he had not received a copy of

3  the Government's motion (doc. # 16), the Court directed that an

4  additional copy be served upon him and reset the hearing on the

5  Government's motion for October 23, 2006.  Minute Entry (doc. #

6  23).  The Court also allowed Respondent to file a supplemental

7  response under seal to articulate his Fifth Amendment objections by

8  showing how his production of the summoned records or testimony

9  "would 'support a conviction under a federal criminal statute' or

10  'furnish a link in the chain of evidence needed to prosecute [him]

11  for a federal crime,'" see Rendahl, 746 F.2d at 555 (quoting

12  Hoffman v. United States, 341 U.S. 479, 486 (1951)).

13      Respondent did not file any supplemental response or appear at

14  the hearing on October 23, 2006.  Instead, he appealed the Court's

15  order denying his request for court-appointed counsel, Notice (doc.

16  # 24), and filed a motion to stay the proceedings pending appeal,

17  Mot. (doc. # 27).  The Court denied the motion to stay, and, in

18

---

19      [1]  The Court also expressed its reservation as to whether he was

20  entitled to appointed counsel in the context of civil contempt
    proceedings related to the enforcement of an IRS summons.  Tr. of

21  Aug. 28, 2006 Hearing (doc. # 23) at 2:14:32 - 2:17:33 p.m..  In the
    instant case, the Government's motion seeking adjudication of

22  Respondent in contempt for his refusal to comply with an IRS tax
    inquiry is in the nature of civil contempt.  The Supreme Court has

23  held that "[w]hile particular acts do not always readily lend
    themselves to classification as civil or criminal contempts, a

24  contempt is considered civil when the punishment is wholly remedial,
    serves only the purposes of the complainant, and is not intended as

25  a deterrent to offenses against the public."  McCrone v. United
    States, 307, U.S. 61, 64 (1939).  Thus, a motion invoking judicial

26  assistance to obtain testimony in a tax inquiry is in the nature of
    civil contempt, because the "[a]uthority of the court [is] sought to

27  buttress the procedure for collection of taxes and not in
    'vindication of the public justice,' as in criminal cases."  Id. at

28  64-65.

- 3 -

1  view of Respondent's failure to produce the documents and testimony
2  sought by the IRS summons or explain to the Court the basis for his
3  asserted Fifth Amendment privilege, found him in civil contempt for
4  the remedial purpose of obtaining his compliance.  Order (doc. #
5  29).  The Court provided Respondent until November 2, 2006 to purge
6  himself of the contempt.  Id.

7      On October 27, 2006, Respondent filed a notice of appeal (doc.
8  # 30) with respect to the Court's finding of contempt, and, on
9  October 30, 2006, filed a motion for reconsideration of the Court's
10 order denying his motion to stay the proceedings (doc. # 33).

11 **II.  DISCUSSION**

12     The decision to grant or deny a motion for reconsideration is
13 left to the sound discretion of the trial court.  See Sch. Dist.
14 No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th
15 Cir. 1993).  Such motions are disfavored and, absent exceptional
16 circumstances, are generally only appropriate "if the district
17 court (1) is presented with newly discovered evidence; (2)
18 committed clear error or the initial decision was manifestly
19 unjust; or (3) if there is an intervening change in controlling
20 law."  Id.

21     Respondent's motion is not premised on newly discovered
22 evidence or an intervening change in controlling law.  See Mot.
23 (doc. # 33).  Rather, as the sole basis for reconsideration,
24 Respondent contends that the Court committed clear error in denying
25 his motion to stay (doc. # 27).  Id.  In order to prove that the
26 Court committed clear error, Respondent must demonstrate that the
27 Court's action fell clearly outside the bounds of its authority.
28 See McDowell v. Calerdon, 197 F.3d 1253, 1256 (9th Cir. 1999).  If

1  the propriety of the Court's judgment is a debatable question,

2  there is no clear error and the motion to reconsider is properly

3  denied.   Id.

4      Respondent argues (1) that a finding of civil contempt in an

5  IRS summons enforcement action constitutes a final appealable

6  order, and (2) that he had a right to court-appointed counsel and

7  that the Court should not have entered its order of incarceration

8  in the absence of Respondent's express waiver of that right.  Mot.

9  (doc. # 33) at 1-2.  The Court addresses both arguments in turn.

10     **A. Appealability of Civil Contempt Order**

11     In his first argument, Respondent states that he was "baffled

12  by the Court's citation to a non-summons case when [his] prior

13  paperwork cited several more recent cases which have clearly

14  recognized the finality and ability to appeal a contempt order in

15  these exact circumstances."  Mot. (doc. # 33) at 1.  Respondent is

16  presumably referring to that portion of the Court's October 24,

17  2006 order citing Taylor v. Bowles, 152 F.2d 311, 312 (9th Cir.

18  1945), in which the Ninth Circuit held that "[a] remedial or civil

19  contempt order directed against a party litigant is deemed

20  interlocutory and not a final order, and is reviewable only on

21  appeal from the final decree in the main action."  See Order (doc.

22  # 29) at 2.  Notwithstanding Respondent's professed bewilderment at

23  the Court's reference to Taylor in dictum, his argument does not

24  warrant reconsideration of the Court's order (doc. # 29) denying

25  his motion to stay (doc. # 27), because that motion did not rely on

26  the appealability of a hypothetical contempt order that had not yet

27  been entered.  See Mot. (doc. # 27).  Rather, Respondent's request

28  for a stay was based on the pendency of his appeal from the Court's

-5-

1   August 28, 2006 order (doc. # 23) denying his request for court-
2   appointed counsel, which was the only appeal he had taken at that
3   time.  See id.  In denying Respondent's motion to stay (doc. # 27),
4   the Court noted the interlocutory character of the August 28, 2006
5   order.[2]  Order (doc. # 29) at 2.  Respondent has not challenged the
6   Court's conclusion in that regard, and, therefore, reconsideration
7   on the basis of clear error is not warranted.

8       **B. Right to Counsel**

9       Respondent's second argument asserts that "th[e] Court's
10  decision to order [him] incarcerated when he had no counsel and
11  never waived counsel raises a serious question."  Mot. (doc. # 33)
12  at 2 (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25
13  (1981)).  Given that Respondent's first and only request for court-
14  appointed counsel was denied on the basis that he did not make any
15  showing of his financial eligibility, see Tr. of Aug. 28, 2006
16  Hearing (doc. # 23) at 2:14:32 - 2:17:33 p.m., Respondent's present
17  motion (doc. # 33) apparently takes the position that he has an
18  unqualified right to court-appointed counsel-- a right which he
19  claims he did not waive.  The Court has previously expressed its
20  reservation as to whether a civil contemnor in an IRS summons
21  enforcement action has a right to court-appointed counsel.  Tr. of
22  Aug. 28, 2006 Hearing (doc. # 23) at 2:14:32 - 2:17:33 p.m..  Given
23  the occasion to do so now, the Court will expand on the reasons for
24  its reservation.

25      Respondent maintains that "the right to counsel extends to

26  _____

27      [2]  As the Court explained in its September 21, 2006 order, the
    denial of Respondent's request for court-appointed counsel was not
28  immediately appealable, as the denial did not constitute a final
    decision on that issue.  Order (doc. # 26) at 2-3.

1  every case in which the litigant may be deprived of his liberty if
2  he loses, regardless of the civil or criminal label." Resp. (doc.
3  # 21) at 3:15-17 (citation and internal quotations omitted); accord
4  Mot. (doc. # 33) at 2.  In Lassiter, the principal case on which
5  Respondent relies for this proposition, the Supreme Court
6  ultimately held that a state trial court did not commit reversible
7  error by failing to appoint counsel in a proceeding determining the
8  parental rights of an indigent and incarcerated mother.  Lassiter,
9  452 U.S. at 33.  However, more recent and relevant Supreme Court
10  authority declares that civil contempt sanctions require fewer
11  procedural protections, as they are avoidable and not punitive.
12  See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S.
13  821, 831 (1994).  Because the contemnor is able to purge the
14  contempt by compliance in such cases, and thereby obtain his
15  release, it is said that he "carries the keys of his prison in his
16  own pocket."  Id., 512 U.S. at 828 (citation and internal
17  quotations omitted).  Thus, "civil sanctions may be imposed so long
18  as the court provides adequate notice and an opportunity to be
19  heard."  Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir.
20  2005) (citing Bagwell, 512 U.S. at 827).

21      To that end, the Supreme Court has indicated that the
22  indefinite incarceration of a contemnor for the remedial purpose of
23  obtaining compliance with an affirmative command is "[t]he
24  paradigmatic coercive, civil contempt sanction."  Id. at 828.
25  Specifically, a motion invoking judicial assistance to obtain
26  testimony in a tax inquiry has been held to be in the nature of
27  civil contempt, because the "[a]uthority of the court [is] sought
28  to buttress the procedure for collection of taxes and not in

1  'vindication of the public justice,' as in criminal cases."

2  McCrone v. United States, 307 U.S. 61, 64-65 (1939).[3]  Thus, in an

3  IRS deficiency action, where a taxpayer appearing pro se was found

4  in contempt and incarcerated, the Fifth Circuit summarily rejected

5  the taxpayer's argument that he was denied his right to counsel.[4]

6  McDougal v. Commissioner, 818 F.2d 453, 454-55 (5th Cir. 1987).

7      Respondent cites another Fifth Circuit case, Ridgeway v.

8  Baker, 720 F.2d 1409, 1413 (5th Cir. 1983), essentially for the

9  notion that the civil-criminal distinction is irrelevant in

10 determining whether a civil contemnor has a right to court-

11 appointed counsel.  Mot. (doc. # 33) at 2.  To the Court's

12 knowledge, Ridgeway has not been followed by either the Supreme

13 Court or the Ninth Circuit.  Indeed, the most recent authority from

14 the Supreme Court and the Ninth Circuit confirms that the civil-

15 criminal distinction is alive and well.  See Bagwell, 512 U.S. at

16 831-34; see also Lasar, 399 F.3d at 1110 (endorsing the distinction

17 between civil and criminal contempts resulting in incarceration)

18 (citing Bagwell, 512 U.S. at 829).  Given the choice between

19 following their binding authority or taking the contrary view

20

21      [3]  Lest Respondent take issue again with the Court's citation to
22 a "60+ year old appeals court decision," see Mot. (doc. # 33) at 1,
   the Court will point out that, as recently as 1994, the Supreme Court
23 has cited its McCrone decision as an example of a "paradigmatic
   coercive, civil contempt sanction" requiring fewer procedural
24 protections for the contemnor.  Bagwell, 512 U.S. at 828.

25      [4]  Rejecting the taxpayer's appeal as "totally frivolous" under
   Fed. R. App. P. 38, the Fifth Circuit went on to impose sanctions on
26 the taxpayer, explaining that "[the taxpayer] seeks only to delay the
   inevitable, and in so doing, . . . has occasioned the waste of
27 limited governmental and judicial resources, unduly impeding the
   court's ability to resolve the meritorious claims of other litigants.
28 This abuse of the system and citizenry cannot be tolerated."
   McDougal, 818 F.2d at 455.

1  expressed in a much older Fifth Circuit opinion, the Court chooses

2  the former.[5]

3      For the foregoing reasons, it is questionable whether a civil

4  contemnor in an IRS summons enforcement action has a right to

5  court-appointed counsel.[6]  The few authorities finding that there

6  may be such a right are manifestly clear that court-appointed

7  counsel is reserved for those litigants who will at least make some

8  showing of their financial eligibility.  See 18 U.S.C. § 3006A;

9  Henkel v. Bradshaw, 483 F.2d 1386, 1387-88, 1390 (9th Cir. 1973)

10  (discussing possibility of right to counsel for indigent

11  contemnor); 17 Am. Jur. 2d Contempt § 177 (2006) (same); United

12  States v. Bobart Travel Agency, Inc., 699 F.2d 618, 621 (2d Cir.

13  1983) (civil contemnor in IRS summons enforcement action entitled

14  to court-appointed counsel only if found indigent).  This,

15  Respondent has not done.  Although his request for court-appointed

16  was denied without prejudice, see Tr. of Aug. 28, 2006 Hearing

17  (doc. # 23) at 2:14:32-2:17:33 p.m., Respondent has never since

18

19      [5]  Ridgeway is also factually distinguishable from the present
20  case.  In Ridgeway, an allegedly indigent contemnor was jailed for
    failure to pay child support, raising the question of whether he
21  could ever find sufficient funds to purge the contempt.  See
    Ridgeway, 720 F.2d at 1413-14.  That is why the court doubted the
22  applicability of the adage that the contemnor "carrie[d] the keys of
    his prison in his own pocket."  Id.  In the present case, however,
23  there is no indication of an impossibility of performance that would
    bar Respondent from testifying and producing the documents sought by
24  the IRS summons-- particularly now as he has declined the opportunity
    to present the Court with a sealed filing setting forth the factual
25  basis for a meritorious claim of Fifth Amendment privilege.

26
      [6]  Of course, the Court has not had to decide that question, nor
27  does it do so now, because Respondent's first and only request for
    court-appointed counsel was denied on the basis that he did not make
28  any showing of his financial eligibility.  Tr. of Aug. 28, 2006
    Hearing (doc. # 23) at 2:14:32-2:17:33 p.m..

-9-

1   made another request supported with the necessary proof of

2   financial eligibility, and the Court cannot simply appoint

3   Respondent an attorney based on his unproven assertion that he

4   "cannot afford" one.  See Tr. of Aug. 28, 2006 (doc. # 23) at

5   2:14:51-2:14:56 p.m..

6        Moreover, the Court has always proceeded on the basis that

7   Respondent has had a right to have counsel present, see id. at

8   2:14:31-2:14:51 p.m., and, during the nearly one year of this

9   case's pendency, has granted Respondent extensions of time to

10  respond to the Government's motions, see Orders (doc. ## 9, 23).

11  During this expanse of time, Respondent has consistently decided to

12  appear without counsel.  He has never (1) brought a motion for

13  court-appointed counsel, properly documented with proof of his

14  financial eligibility, (2) claimed that he has been unable to

15  locate counsel to represent him, or (3) requested additional time

16  for the purpose of retaining an attorney.  Under these

17  circumstances of this case, it is painfully obvious that

18  Respondent's failure to obtain counsel is the product of either his

19  own neglect or his deliberate design to "manipulate his right to

20  counsel to undermine the orderly procedure of the courts [and]

21  subvert the administration of justice."  See United States v.

22  Thibodeaux, 758 F.2d 199, 201 (7th Cir. 1985).

23

24       In sum, Respondent has not demonstrated any basis for

25  reconsideration of its order (doc. # 29) denying his motion to stay

26  (doc. # 27).

27

28       Therefore,

- 10 -

1     IT IS ORDERED that Respondent's motion for reconsideration

2  (doc. # 33) is DENIED.

3

4     DATED this 3rd day of November, 2006.

5

6

7     _____

8                Robert C. Broomfield
               Senior United States District Judge

9

10  Copies to counsel of record and Respondent pro se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28